IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-11-0426** |
| **DONTE BERNARD BAKER,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court issued a Memorandum and Order denying Donte Bernard Baker's Motions for Compassionate Release on May 24, 2024. (ECF No. 572.) Thereafter, Baker filed a Motion for Reconsideration and noticed an appeal. (ECF Nos. 573, 574.) The Court's May 24 Memorandum and Order is now on appeal before the Fourth Circuit.

As an initial matter, although it is well established that an appeal divests the district court of jurisdiction over "those aspects of the case involved in the appeal," there are exceptions, including that the district court retains jurisdiction over matters "in aid of the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (citations and quotations omitted). The Fourth Circuit has explained that "when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly." *Id.* at 891. This reasoning applies here. *See United States v. Mangarella*, 57 F.4th 197, 200 (4th Cir. 2023) (describing a motion for reconsideration with respect to a compassionate release motion as "akin to a Federal Rule of Civil Procedure 60(b) motion"). Accordingly, the Court will address Baker's pending Motion.

In his Motion, Baker asks the Court to reconsider its denial of his motions for compassionate release. (ECF No. 573.) However, he provides no reason why reconsideration is appropriate,

explaining only: "Petitioner[] prays that this honorable court[] reconsider it[s] [d]enial of his compassionate release Motion pursuant to 18 U.S.C. [§] 3582(c)." (*Id.*) This does not provide the Court with an adequate basis to reconsider its prior Memorandum and Order, and the pending Motion will therefore be denied with respect to his request for reconsideration.

Baker also asks the Court to grant him an extension to file an appeal. (*See* ECF No. 573.) Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Here, Baker timely filed his Notice of Appeal on June 7, 2024, 14 days after the Court issued its May 24, 2024 Memorandum and Order denying his Motions for Compassionate Release. Therefore, this request will be denied as moot.

Accordingly, it is ORDERED that Baker's Motion for Reconsideration (ECF No. 573) is DENIED in part and DENIED AS MOOT in part.

DATED this _17_ day of September, 2024.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Court